D. J. LOHR, JR., BY HIS NEXT FRIEND, D. J. LOHR, v. CLIFTON ROTH-
ROCK, BY HIS GUARDIAN AD LITEM, MRS. IDA ROTHROCK AND P. D.
ROTHROCK.

(Filed 27 January, 1932.)

APPEAL by plaintiff from *Sink, J.,* at April Special Term, 1931, of
DAVIDSON. Reversed.

This is an action for actionable negligence brought by plaintiff against
defendant. The allegations of the complaint, in part, are as follows:
"That on or about 11 October, 1929, the plaintiff was riding a bicycle
upon Salem Street in the city of Thomasville, and was proceeding in a
careful, prudent and lawful manner in a southern direction along said
street, observing all rules and regulations and ordinances required; that
the defendant, Clifton Rothrock, was operating the said Chevrolet
coach of the defendant, P. D. Rothrock, as his agent, servant or em-
ployee, and with his consent, in a northern direction along said Salem
Street; in a careless, reckless, negligent and unlawful manner; that as
the plaintiff had entered into the intersection of East Guilford Street
with the said Salem Street some few feet, the defendant, Clifton Roth-
rock, carelessly, negligently, recklessly and unlawfully ran into, struck
and knocked the plaintiff from the said bicycle he was riding, and
knocked the plaintiff and his bicycle back several feet and into the curb
of East Guilford Street. That the said automobile was being operated
by the defendant in a careless, reckless, negligent and unlawful manner
in that: (a) The same was being operated at a rapid and unlawful

rate of speed, and in excess of that allowed by law; (b) in that a left-hand turn into West Guilford Street was being made without any signal or warning being given to the plaintiff; (c) in that the same was being operated without proper signaling device; (d) in that the same was being operated without being equipped with proper brakes; (e) in that the defendants failed and refused to keep to the right of the center of the street intersection as required by law: (f) in that the defendant failed and refused to yield to the plaintiff his right of way as provided by law; (g) in that the defendants failed and refused to use the last clear chance to avoid striking the plaintiff and bicycle upon which he was riding. All of which acts of carelessness and negligence on the part of the defendants were the sole, proximate and direct cause of the injury received by the plaintiff, and the damage done to the bicycle as hereinafter set out."

The defendants denied the material allegations of the complaint and that they were guilty of any negligence, and further allege that the automobile was operated by defendant Clifton Rothrock "in a careful and lawful manner and with due regard to the safety and rights of others." (a) That the same was being operated at a slow and lawful rate of speed, and not in excess of that allowed by law; (b) that the left-hand turn into West Guilford Street was being made by signal and warning to anyone who might be in the rear or in the front of the said defendant; (c) that at this particular time, the car was equipped with the proper signaling device; (d) that the time of the said accident the same was being operated and equipped with good and sufficient brake; (e) that the defendant kept to the right of the street intersection as was required of him by law; (f) that at the time of the said accident, the defendant, Clifton Rothrock, had already made a left-hand turn into West Guilford Street, and the front part of the car had entered into said West Guilford Street before the plaintiff came near the intersection." The defendant also set up the plea of contributory negligence.

*H. R. Kyser for plaintiff.*
*Ford Myers and Phillips & Bower for defendants.*

PER CURIAM. At the close of plaintiff's evidence the defendants made a motion in the court below for judgment as in case of nonsuit. C. S., 567. The motion was granted and in this we think there was error.

We have read with care the evidence of plaintiff and think it sufficient to be submitted to a jury. We will not set it forth or discuss the law, as the case goes back to be heard before a jury. There must be a

New trial.